IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, WELFARE, SAVINGS, APPRENTICESHIP, SCHOLARSHIP, AND COOPERATION FUNDS,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CENTRAL DECORATING, INC.,<br>an Illinois corporation,<br><br>　　　　　Defendant. | No. 08 C 1630<br><br>Judge Leinenweber |

**FIRST AMENDED COMPLAINT**

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, WELFARE, SAVINGS, APPRENTICESHIP, SCHOLARSHIP, AND COOPERATION FUNDS, by their attorneys, DONALD D. SCHWARTZ, JAMES R. ANDERSON, ANTHONY B. SANDERS and ARNOLD AND KADJAN, complain against the Defendant **CENTRAL DECORATING, INC.**, an Illinois corporation, as follows:

### COUNT I

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction pursuant to Section 301 of the National Labor Relations Act, as amended, 29 U.S.C. 185(a), and Section 502 of the Employee Retirement Security Act (ERISA) of 1974, as amended, 29 U.S.C. Section 1132(e)(1), 1145 and 28 U.S.C. Section 1331.

2. The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e) as the Plaintiffs Funds are administered here in this judicial district.

## The Parties

3. The Plaintiffs are the Trustees of the Chicago Painters and Decorators Pension, Welfare, Savings, Apprenticeship, Scholarship, and Cooperation Funds ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section1132(d)(1).

4. The Funds have been established pursuant to Collective Bargaining Agreements previously entered into between the Painters' District Council No. 14 and its affiliated locals (the "Union"), and certain employer associations whose employees are or were covered by one or more Collective Bargaining Agreements with the Union.

5. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq., and the Employee Retirement Security Act, 29 U.S.C. Section 1001, et. seq., and also pursuant to the terms and provisions of the Collective Bargaining Agreements and Declarations of Trust ("Trust Agreements") which established the Funds.

6. **CENTRAL DECORATING, INC., ("CENTRAL ")**, an Illinois corporation, on or about **May 26, 1998**, executed a Labor Agreement with the Union and adopted the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. A copy is attached as Exhibit 1.

## The Agreements

7. Pursuant to the provisions of the Labor Agreement, **CENTRAL** is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements.

In addition, **CENTRAL** is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

8. Under the terms of the Labor Agreement and Trust Agreements to which it is bound, **CENTRAL** is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not **CENTRAL** is in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require **CENTRAL** pay liquidated damages, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

### The Claim

9. **CENTRAL** has breached the provisions of the Labor Agreement and Trust Agreements by failing to submit books and records to Plaintiffs' auditors for the period from **June 1, 2003** through the present,.

10. Pursuant to the provisions of the Labor Agreement and Trust Agreements, **CENTRAL** is required to pay liquidated damages, auditor fees and all attorneys's fees and court costs incurred by the Funds in the collection process.

11. Plaintiffs have complied with all conditions precedent in bringing this suit.

12. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from **CENTAL.**

13. **CENTRAL** is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132 (g)(D).

14. Pursuant to 29 U.S.C. Section 1132(g)(2) ( c ), Plaintiffs are entitled to an amount

equal to the greater of:

    (I)    interest on the unpaid contributions; or

    (ii)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

## Relief Sought

WHEREFORE, Plaintiffs pray for relief as follows:

A.    That **CENTRAL** be ordered to produce books and records for a fringe benefit contribution compliance audit for the period from June 1, 2003 through the present;

B.    That judgment be entered in favor of Plaintiffs and against **CENTRAL** in the amount shown to be due on the audit,

C.    That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the Labor Agreement and Trust Agreements and 29 .U.S.C. Section 1132(g); and

  E.  That this Court grant such other and further relief as may be appropriate under the circumstances.

                  TRUSTEES OF THE CHICAGO PAINTERS
                  AND DECORATORS PENSION
                  FUND et al,

             By:  S/James R. Anderson
                One of their Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
ANTHONY B. SANDERS
ARNOLD AND KADJAN
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415

EXHIBIT 1

Whereas, the PAINTING AND DECORATING CONTRACTORS' ASSOCIATION, (hereinafter "ASSOCIATION") and the UNION have reached agreement on Wages, Hours and ter and conditions of employment for the period of June 1, 1997 to May 31, 2002

WHEREAS, the parties to this agreement wish to promote continued employment the Industry, prevent interruption of work and agree to adopt such terms:

NOW, THEREFORE, IT IS AGREED AS FOLLOWS:

1. The Employer hereby recognizes the Union as the sole and exclusive bargaining representative of all Employer's employees performing work within the craft and geographic jurisdiction of the Union as the same exists as of the date hereof and including any such additional work or geographic area which the Union may hereafter acquire jurisdiction with respects to Wages, Hours, and other terms and conditions of employment.

The Employer, in response to the Union's claim that it represents an uncoerced majority of each Employer's Painting employees, has been authoriz to and in fact does represent such majority of such employees in accordance with Section 9 of the Labor Relations Act without the need for a Board Certified Election.

2. The Employer acknowledges that he is bound to all terms and conditi of the Collective Bargaining Agreement between the Union and the Associatio as applicable to him which expired at 12:00 midnight, May 31, 1997, and her reaffirms his continuing obligations with respect to all such provisions, acknowledges the renewal of all such provisions to the extent the same are inconsistent with the provisions of this Agreement, and hereby agrees to tl changes in the Agreement between and the Union and the Association and all all subsequent amendments thereto and to any other changes subsequently negotiated by and between the Union and the applicable Association. Said Contracts are specifically incorporated by reference and made a part hereof

3. The Collective Bargaining Agreement between the Union and Associat June 1, 1997, to May 31, 2002, and all subsequent amendments thereto are incorporated herein as if they were forth in full. The Employer agrees to bound by the terms of the applicable Association bargaining agreement for life of the negotiated Agreement.

4. The Employer agrees to pay the amount it is bound to pay under the Collective Bargaining Agreements to the Pension, Welfare, Apprentice and Savings Funds and to become bound by and considered a party to the Agreemer and Declarations of Trust creating such trust funds and such declarations incorporated by reference herein. Said amounts are:

CHANGES EFFECTIVE June 1, 1997 thru May 31, 1998

| | | | |
|---|---|---|---|
| Wages: | $24.75 | Joint Co-Operation | .0 |
| Welfare: | 3.70 | Industry Advancement | |
| Pension: | 3.05 | J.A.T.C. | |
| Savings: | .50 | SCHOLARSHIP FUND | |

5. This Agreement shall become effective at 12:00 A.M., June 1, 1997, shall remain in full force and effect until 12:00 P.M., May 31, 2002, or continue thereafter unless there has been given not less than sixty (60) d nor more than ninety (90) days written notice by Registered or Certified M prior to expiration by either party hereto to the desire to modify, amend terminate this agreement through negotiations. The absence of such notice will result in the automatic renewal of this Agreement for the life of the newly negotiated area wide Agreements between the Union and the Associatio with all improvements, modifications and amendments thereto and incorporat them herein:

6. This document is the complete written agreement between the partie and can only be amended in writing by their parties. No other oral representations shall be binding on either party nor shall any party rely such oral statements that vary their terms of the written contract.

7. The Employer acknowledges and accepts the facsimile signatures on th[e] contract as if they were the original signatures. The Employer further acknowledges receipt of a copy of the complete Joint Working Agreement.

IN WITNESS WHEROF, and in consideration of the mutual promise of the parties hereto, and other good valuable consideration, this Agreement was entered into this _26_ day of _May_, 199_2_

EMPLOYER:

FIRM: _Central Decorating, Inc_
(PRINT)

ADDRESS: _4500 W Armitage Ave   Chicago 60639_

SIGNATURE & TITLE _Duane Depa         President_
(PRINT)

SIGNATURE _[signature]_


_Gerald C. Harms_
Gerald C. Harms
Business Manager/Secretary-Treasurer
P.D.C. #14